Lawrence B. Hunt, OSB No. 751871
lbh@huntpc.com
Phillip D. Jones, OSB No. 153601
jones@huntpc.com
HUNT & ASSOCIATES, PC
121 SW Morrison Street, Suite 1875
Portland, OR  97204
(503) 226-1162 phone
(503) 223-5442 fax

Of Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JEREMY KARL**, an individual; and, **TWYLA KARL**, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>**EMERALD VALLEY DEVELOPMENT LLC,** an Oregon limited liability company; **NEW ERA MANAGEMENT, INC.**, an Oregon corporation; **LAFAYETTE 7 - LLC**, an Oregon limited liability company; **STERLING BIRCHWOOD - LLC**, an Oregon limited liability company; **STERLING GREENSPIRE - LLC**, an Oregon limited liability company; **STERLING INSPIRATION - LLC**, an Oregon limited liability company; **STERLING RIVER VIEW - LLC**, an Oregon limited liability company; **STERLING VIEW LLC**, an Oregon limited liability company; **ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**, a Delaware corporation; **WESTERN SURETY COMPANY**, a South Dakota corporation; **DANA POPICK**, an individual; and, | Case No.:<br><br>**COMPLAINT**<br><br>Claims for unpaid wages in violation of the Fair Labor Standards Act (29 U.S.C 207 and 29 U.S.C.), Oregon Wage and Hour Laws and Washington Wage and Hour Laws<br><br>Claims Not Subject to Arbitration<br><br>**DEMAND FOR JURY TRIAL** |

**KIMBERLY POPICK**, an individual;

Defendants.

Plaintiffs allege:

## JURISDICTION

1. Jurisdiction is conferred on this Court by 29 U.S.C. 1856 as this action arises out of the Fair Labor Standards Act 29 U.S.C. 201 *et seq*.

2. Pursuant to 28 U.S.C. 1367, this Court has supplemental jurisdiction of the claims based on Oregon law and Washington law as they are so related to claims within the Court's original jurisdiction that they form part of the case or controversy for purposes of Article III of the United States Constitution.

3. At all times material herein, Plaintiffs were and are residents of the State of Oregon.

4. At all times material herein, Defendants Emerald Valley Development LLC, Lafayette 7 - LLC, Sterling Birchwood - LLC, Sterling Greenspire - LLC (formerly Sterling Chateau - LLC), Sterling Inspiration - LLC, Sterling River View - LLC, and Sterling View LLC were limited liability companies doing business in Oregon and Washington, incorporated in the State of Oregon (hereinafter jointly "the Defendant companies").

5. At all times material herein, Defendant New Era Management, Inc. was a corporation doing business in Oregon and Washington, incorporated in the State of Oregon.

6. At all times material herein, the Defendants were acting in commerce under common ownership as alter egos of Defendants Dana Popick and Kimberly Popick (hereinafter jointly "Popicks") and of each other coordinating their employment of Plaintiffs in such a manner that Defendants are jointly and severally liable to Plaintiffs as joint employers of

Plaintiffs.

7. At all times material herein, Popicks were members and managers of the Defendant companies and controlled the operations of the Defendant companies.

8. At all times material herein, Defendant Western Surety Company was a corporation doing business in Oregon and Washington, incorporated in the State of South Dakota.

9. At all times material herein, Defendant Endurance American Specialty Insurance Company was a corporation doing business in Oregon and Washington, incorporated in the State of Delaware.

10. At all times material herein, Defendants Western Surety Company and Endurance American Specialty Insurance Company agreed to answer for the debts and obligations of the Defendant companies and Popicks.

11. Plaintiff Jeremy Karl (hereinafter "Jeremy") was employed by Defendants to perform construction and remodeling services from March 8, 2016 until approximately November 2, 2017.

12. At all times material herein, Defendants agreed to pay Plaintiffs at the rate of $20.00 per hour.

13. During the period of November 15, 2016 to November 2, 2017, Jeremy worked a total of 1,361.49 hours in Washington of which 75.04 hours were in excess of a 40-hour workweek.

14. During the period of November 15, 2016 to November 2, 2017, Jeremy worked a total of 88.04 hours in Oregon of which 3.27 hours were in excess of a 40-hour workweek.

///

15.     Plaintiff Twyla Karl (hereinafter "Twyla") was employed by Defendants to perform office assistance and office management services in Oregon from January 1, 2015 until approximately November 30, 2017.

16.     During the period of November 16, 2016 to November 30, 2017, Twyla worked a total of 1,684.83 hours for Defendants, 123.86 hours were in excess of a 40-hour workweek.

### JEREMY KARL – FIRST CLAIM FOR RELIEF
(Failure to Provide Final Paycheck – Penalty Wages)

17.     Plaintiffs reallege and restate paragraphs 1-16 above.

18.     Jeremy's employment with Defendants ended on or about November 2, 2017.

19.     Defendants fired Jeremy unilaterally ending their employment relationship and/or the employment relationship was ended by mutual agreement of Defendants and Jeremy.

20.     Defendants agreed to pay Jeremy wages of $20.00 per hour and O.R.S. 653.261 and O.A.R. 839-020-0030 require that any hours in excess of 40 hours per week be paid at one and one-half times the regular hourly rate.

21.     Jeremy worked 84.77 regular hours in Oregon at $20.00 per hour totaling earned wages of $1,695.00.

22.     Jeremy worked 3.27 hours in excess of a 40-hour workweek in Oregon at $30.00 per hour totaling earned overtime wages of $98.10.

23.     Jeremy made written demand for payment on or about February 22, 2018. Defendants have at all times before and following said demand willfully failed, refused, and neglected to pay Jeremy compensation to which he is entitled and there is now due, owing, and unpaid to Jeremy from Defendants, jointly and severally, the sum of $1,793.10.

24.     Jeremy is entitled to a judgment against Defendants, jointly and severally, in the sum of $1,793.10 as unpaid wages due based on O.R.S. 652.140; a civil penalty of up to

$4,800.00 pursuant to O.R.S. 652.150; his attorney fees and costs pursuant to O.R.S. 653.055 and O.R.S. 652.200; and, prejudgment interest in the amount of 9% per annum from November 2, 2017 until present pursuant to O.R.S. 82.010.

**JEREMY KARL – SECOND CLAIM FOR RELIEF**
(Washington Wages – Liquidated Damages)

25. Plaintiffs reallege and restate paragraphs 1-24 above.

26. Defendants failed to pay Jeremy wages for the hours worked in Washington.

27. Defendants agreed to pay Jeremy wages of $20.00 per hour.

28. Pursuant to R.C.W. 49.46.130, Defendants were required to pay Jeremy one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a workweek.

29. Pursuant to R.C.W. 49.48.010 all wages earned and unpaid at the time of the discharge or termination become due at the next established payday.

30. Jeremy worked a total of 1,286.45 regular hours in Washington at a rate of $20.00 per hour totaling earned wages of $25,729.00.

31. Jeremy worked a total of 75.04 hours in excess of a 40-hour workweek in Washington at a rate of $30.00 per hour totaling earned wages of $2,251.20.

32. Jeremy made written demand for payment on or about February 22, 2018. Defendants have at all times before and following said demand willfully failed, refused, and neglected to pay Jeremy compensation to which he is entitled and there is now due, owing, and unpaid to Jeremy from Defendants jointly and severally, the sum of $27,980.20.

33. Jeremy is entitled to a judgment against Defendants, jointly and severally, in the sum of $27,980.20 as unpaid wages due based on R.C.W. 49.48.010; liquidated damages of $55,960.40 pursuant to R.C.W. 49.52.070; and, his attorney fees and costs pursuant to R.C.W. 49.52.070.

## JEREMY KARL – THIRD CLAIM FOR RELIEF

### (FLSA Minimum Wage - Liquidated Damages)

34.     Plaintiffs reallege and restate paragraphs 1-33 above.

35.     Pursuant to 29 U.S.C. §206, Defendants were required to pay Jeremy at not less than the then-minimum wage for all hours worked when those wages were due but willfully failed to do so.

36.     Pursuant to 29 U.S.C. §206, Defendants were required to pay Jeremy at least one and one-half times his regularly hourly rate of pay for all hours worked in excess 40 hours in a given week when those wages were due but willfully failed to do so.

37.     Defendants have at all times material herein willfully failed, refused, and neglected to pay Jeremy for the above hours worked when and as those wages came due and there remains due, owing, and unpaid by Defendants to Jeremy of not less than the sum of $12,290.65.

38.     Jeremy is entitled to a judgment against Defendants, jointly and severally, in the sum of $12,290.65 as unpaid minimum wages due based on the FLSA; liquidated damages of $24,581.30 pursuant to 29 U.S.C. §216(b); and, his attorney fees and costs pursuant to 29 U.S.C. §216(b).

## TWYLA KARL - FIRST CLAIM FOR RELIEF

### (Failure to Provide Final Paycheck – Penalty Wages)

39.     Plaintiffs reallege and restate paragraphs 1-38 above.

40.     Twyla's employment with Defendants ended on or about November 30, 2017.

41.     Defendants fired Twyla unilaterally ending their employment relationship and/or the employment relationship was ended by mutual agreement of Defendants and Twyla.

42. Defendants agreed to pay Twyla wages of $20.00 per hour and O.R.S. 653.261 and O.A.R. 839-020-0030 require that any hours in excess of 40 hours a week be paid at one and one-half times the regular hourly rate.

43. Twyla worked a total of 1,560.97 regular hours at a rate of $20.00 per hour resulting in earned wages of $31,219.40.

44. Twyla worked a total of 123.86 hours in excess of a forty-hour work week, entitling her to an hourly rate of $30.00 per hour resulting in earned overtime wages of $3,715.80.

45. Twyla made written demand for payment on or about February 22, 2018. Defendants have at all times before and following said demand willfully failed, refused, and neglected to pay Twyla compensation to which she is entitled and there is now due, owing, and unpaid to Twyla from Defendants, jointly and severally, the sum of $34,935.20.

46. Twyla is entitled to a judgment against Defendants, jointly and severally, in the sum of $34,935.20 as unpaid wages due based on O.R.S. 652.150; a civil penalty of $4,800.00 pursuant to O.R.S. 652.150; her attorney fees and costs pursuant to O.R.S. 653.055 and O.R.S. 652.200; and, prejudgment interest in the amount of 9% per annum from November 30, 2017 until present pursuant to O.R.S. 82.010.

### TWYLA KARL - SECOND CLAIM FOR RELIEF

### (FLSA Minimum Wage - Liquidated Damages)

47. Plaintiffs reallege and restate paragraphs 1-46 above.

48. Pursuant to 29 U.S.C. §206, Defendants were required to pay Twyla at not less than the then-minimum wage for all hours worked when those wages were due but willfully failed to do so.

49. Pursuant to 29 U.S.C. §206, Defendants were required to pay Twyla at least one and one-half times her regularly hourly rate of pay for all hours worked in excess 40 hours in a given week when those wages were due but willfully failed to do so.

50. Defendants have at all times material herein failed, refused, and neglected to pay Twyla for the above hours worked when and as those wages came due, and there remains due, owing, and unpaid by Defendants to Twyla of not less than the sum of $15,032.83.

51. Twyla is entitled to a judgment against Defendants, jointly and severally, in the sum of $15,032.83 as unpaid wages due based on the FLSA; liquidated damages of $30,065.66 pursuant to 29 U.S.C. §216(b); and, her attorney fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For failing to pay regular wages on termination of employment, of not less than $1,793.10; statutory penalty wages pursuant to O.R.S. 652.140 in the amount of $4,800.00; and, costs, disbursements, and reasonable attorney fees on Jeremy's first claim for relief;

2. For failing to pay wages pursuant to R.C.W. 49.46.020, wages in an amount to be determined at trial but not less than $27,980.20; statutory liquidated damages pursuant to R.C.W. 49.52.070 of $55,960.40; and costs, disbursements, and reasonable attorney fees on Jeremy's second claim for relief;

3. For failing to pay the minimum and overtime wage pursuant to the FLSA in an amount to be determined at trial, but not less than $12,290.65; liquidated damages for failing to pay the then-minimum wage pursuant to 29 U.S.C. §216(b) in the amount of $24,581.30; and costs, disbursements, and reasonable attorney fees on Jeremy's third claim for relief;

4.  For failing to pay agreed upon wages earned and unpaid at the time of discharge or termination in an amount to be determined at trial but not less than $34,935.20; statutory penalty wages pursuant to O.R.S. 652.140 in the amount of $4,800.00; and, costs, disbursements, and reasonable attorney fees on Twyla's first claim for relief;

5.  For failing to pay the minimum and overtime wage pursuant to the FLSA in an amount to be determined at trial but not less than $15,032.83; liquidated damages for failing to pay the then-minimum wage pursuant to 29 U.S.C. §216(b) in the amount of $30,065.66; and, costs, disbursements, and reasonable attorney fees on Twyla's second claim for relief.

DATED this 19th day of June, 2018.

> HUNT & ASSOCIATES, PC
>
> *s/ Lawrence B. Hunt*
> Lawrence B. Hunt, OSB No. 751871
> 121 SW Morrison Street, Ste. 1875
> Portland, OR 97204
> Telephone: (503) 226-1162
> Facsimile: (503) 223-5442
> lbh@huntpc.com
> Of Attorneys for Plaintiffs